IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CODY RAWLS, PERSONALLY;
JERRY RAWLS, AS NEXT FRIEND AND
PERSONAL REPRESENTATIVE OF
CODY RAWLS ESTATE;
and ROY DELL JOHNSON                                                               PLAINTIFFS

V.                                    CASE NO. 09-CV-1037

UNION PACIFIC RAILROAD
COMPANY; ALFRED BROWN; and
STEVE HOLFORD                                                                       DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion for Remand filed by Cody Rawls, Jerry Rawls, and Dell Johnson. (Doc. 7). Defendants have responded. (Doc. 9). Plaintiffs have filed a reply to Defendants' response. (Doc. 10). The Court finds this matter ripe for consideration.

### I. BACKGROUND

This litigation arose from a train accident that occurred on May 23, 2008, in Columbia County, Arkansas. On that date, Plaintiffs Cody Rawls and Roy Dell Johnson were traveling north on Oak Street in McNeil, Arkansas. At the same time, a Union Pacific train was traveling west on the railroad tracks towards the Oak Street crossing. While crossing the tracks at the Oak Street crossing, Plaintiff Rawls' 1988 Chevrolet pickup truck stalled and was struck by the oncoming train. Before the impact, Johnson was able to escape from the truck, However, Rawls was unable to exit the vehicle before the impact. He was later found approximately 24 feet from the point of impact.

On May 27, 2009, Plaintiffs filed suit in the Circuit Court of Columbia County, Arkansas, against Union Pacific Railroad, Alfred Brown, the train's engineer, and Steve Holford, the train's conductor. In the Complaint, Plaintiffs allege claims against Defendants for negligence based upon inadequate audible warnings; inadequate visual warnings; failure to exercise reasonable care in its train operations; failure to inspect and repair unsafe crossing conditions; specific unsafe crossing conditions; failure to report unsafe crossing conditions; failure to work with state and local authorities to maintain proper signs, signals, and markings; and, failure to properly train, instruct and manage its employees with respect to its operating practices and rules. Plaintiffs also allege a claim against Defendants for intentional disregard for public safety.

On August 14, 2009, Defendants removed the case from the Circuit Court of Columbia County to this Court pursuant to the Court's federal question jurisdiction under the Interstate Commerce Commission Termination Act. The matter is now before the Court on Plaintiffs' Motion for Remand.

## II. DISCUSSION

*Removal Jurisdiction*

Federal courts are courts of limited jurisdiction. Therefore, for a case to be properly brought before a federal court, a party must successfully allege specific criteria before the court may retain jurisdiction over the case. *See generally* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). A case may be removed from state court to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction

exists in federal court when the case involves a federal question or diversity jurisdiction exists. 28 U.S.C. §§ 1331, 1332. If a case is removed to federal court, the removing party bears the burden of proving that federal jurisdiction exist. Such jurisdiction must be proved in the notice of removal itself and not in some later document. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Once a case is removed to federal court, a plaintiff may move to remand back to state court if there is a defect in the removal process or if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The court's removal jurisdiction must be strictly construed and all doubts resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007).

Here, Defendants removed this case on the basis of a federal question. When removal is based on a federal question, the court will use the well-pleaded complaint rule to determine if federal jurisdiction exists. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, there is a corollary to the well-pleaded complaint rule. When a federal statute completely preempts a state cause of action, the state cause of action is turned into a federal cause of action. *See generally Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003).

In this case, Defendants claim that the Interstate Commerce Commission Termination Act ("ICCTA") completely preempts Plaintiffs' state court claims based upon the negligent crossing conditions of the Oak Street crossing. Thus, these claims are turned into a federal cause of action. 49 U.S.C. § 10501(b). Defendants then argue that the rest of Plaintiffs' claims are properly before this Court through the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367(a). In response, Plaintiffs argue that there is no basis for federal question jurisdiction because their cause of action is founded in state law.

*Complete Preemption*

The ICCTA states that the Safety Transportation Board ("STB") has exclusive jurisdiction over the following matters:

> b) The jurisdiction of the Board over—
>
> > 1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
> >
> > 2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
>
> is exclusive. Except as otherwise provided in this part, the remedies provided under those parts with respect to regulation of rail transportation are exclusive and preempt the remedies under Federal or State law.

49 U.S.C. § 10501(b).

The United States Supreme Court has held that courts are to begin an analysis of preemption with the presumption that Congress did not intend to supercede the historic police power of the states unless there is clear language that manifest the purpose of Congress to preempt that area of law. *See City of Columbus v. Ours Garage and Wrecker Service, Inc.*, 536 U.S. 424, 432 (2002). The Fifth Circuit Court of Appeals has held that the preemption clause contained in the ICCTA "is so certain and unambiguous as to preclude any need to look beyond that language for congressional intent." *Friberg v. Kansas City Southern Railway Co.*, 267 F.3d 439, 443 (5th Cir. 2001). Even though the ICCTA contains an express and unambiguous preemption clause, the act only preempts those state laws that attempt to regulate rail transportation. *See* 49 U.S.C. § 10501(b)(2). The Fifth Circuit has also held that "[t]he

4

application of state law negligence principals to assess and evaluate the suitability of the design and construction of a railroad crossing, railroad tracks, and roadbed for railroad tracks qualifies as an attempt at state law 'regulation' in respect to rail transportation." *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2009 WL 224072, *5 (E.D. La. Jan. 26, 2009). Other courts have held that the ICCTA was not meant to preempt all state law claims that might touch upon a railroad's property or actions, but have held that the ICCTA will preempt state law claims that stand to negatively impact the "economic realm" of railroads. *See Elam v. Kansas City Southern Ry.*, No. 1:08CV304-D-D, 2009 WL 774404, * 3 (N.D. Miss. March 24, 2009) (citing *Friberg*, 267 F.3d at 443).

The Eighth Circuit Court of Appeals has yet to rule on whether a state's negligence laws will be preempted by the ICCTA in regards to railroad crossing accidents. Therefore, this Court will look to other circuits to see if Plaintiffs' state law cause of action is preempted by the ICCTA. The Fifth Circuit decided this issue in the case of *In re Katrina Canal Breaches Consolidated Litigation*, when it held that Louisiana's state law cause of action for negligence was preempted by the ICCTA because it attempted to regulate with respect to rail transportation. *See generally In re Katrina*, 2009 WL 224072. The *In re Katrina* case arose from an accident that occurred when a train derailed and collided with a flood wall thereby causing extensive damage to the flood wall, which led to the eventual flooding of the plaintiffs' lands. *See id*. at *1. The railroad paid to fix the damage to the flood wall; however, the plaintiffs alleged that in designing and constructing the railroad crossing the defendants used porous materials that led to the structure being significantly weaker than surrounding flood protection structures. *See id*. The plaintiffs' argued that their claim should not be preempted because their claims are for

5

negligence in the design and construction of the roadbeds not the design and construction of the railroad crossing. *See id*. at * 5. The Fifth Circuit stated that "[w]here plaintiffs have asserted against a railroad a state law claim that does not directly relate to railroad operations, the state law claim has been found to not be preempted." *Id*. at *6. However, the Fifth Circuit held that the design and construction of a railroad crossing and the roadbed for tracks are inextricably intertwined with the design and construction of the railroad tracks and that the ICCTA makes it clear that the STB has exclusive jurisdiction of the construction of railroad tracks, thus the negligence claim was preempted by the ICCTA. *See id*. at *6. The Fifth Circuit closed by stating, "where cases have made references to a state's police power in the course of ICCTA preemption analysis, the premise for the discussion is inevitably that the state retains its traditional police power in terms of public health and safety except where the state's actions regulate rail transportation." *Id*. at *7 (citing *A&W Properties, Inc. v. The Kansas City Southern Railway Co.*, 200 S.W.3d 342, 347 (Tex. App. 2006)).

Plaintiffs have cited to several cases in which courts have ruled that the ICCTA does not preempt certain state law claims. *See generally New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321 (5th Cir. 2008); *Fayard v. Northeast Vehicle Services, LLC*, 533 F.3d 42 (1st Cir. 2008). The Court believes that the present facts are distinguishable from these cases. First, in *Barrios*, a railroad company sought a declaratory judgment and injunction against private land owners who were wishing to install a private railroad crossing over the railroad companies tracks so that they could access public roads pursuant to a Louisiana statute. *See Barrios*, 533 F.3d at 326. The railroad company argued that the Louisiana statute that allowed for the private railroad crossing was preempted by the ICCTA. *See id*. The Fifth Circuit in *Barrios*, held that the

6

plaintiff's declaratory and injunctive relief from state regulation was not preempted by federal law. *See id*. at 333. The Fifth Circuit stated that normal routine railroad crossing disputes are not typically preempted by federal law. *See id*. at 332-33. The circuit went on to qualify the general rule by stating, "routine, non-conflicting uses, such as non-exclusive easements for at-grade road crossings, wire crossings, sewer crossings, etc., are not preempted so long as they would not impede rail operations or pose undue safety risks. *Id*. (citing *Maumee & W. R.R. Corp. and RMW Ventures, LLC-Petition for Declaratory Order*, STB Finance Docket No. 34354, 2004 WL 395835, at *2 (S.T.B. March 2, 2004)). The circuit held that the railroad's preemption argument failed because they did not show how the Louisiana statute, which related to enclosed land owners, unreasonably interfered with rail operations. However, under the facts of the present case, the Plaintiffs' complaint, *inter alia*, alleges that the railroad crossing was inadequate and this inadequacy led to the eventual accident that damaged the Plaintiffs. Therefore, the present facts are distinguishable from the facts in *Barrois*, because that case involved a state statute that allowed land locked parties to build private railroad crossings to reach public roads, and did not involve a vehicle accident alleging a negligent railroad crossing.

In *Fayard*, the plaintiffs brought an action against a railroad company seeking an injunction and monetary damages for failing to limit their hours and volume of operation. *See Fayard*, 533 F.3d at 44. The defendant removed the case to federal court and argued that the state law claims, primarily the nuisance claim, were preempted by the ICCTA. *See id*. The First Circuit Court of Appeals stated that complete preemption is a narrow exception to the rule against federal jurisdiction or removal that is based on a prospective federal defense. *See id*. at 48. The circuit found a problem in complete preemption of the nuisance claim, holding that the

plaintiffs' nuisance claim could be preempted; however, the conditions for removal through complete preemption had yet to be satisfied because the nuisance claim was not likely to affect rail transportation. *See id*. at 48-49. However, the circuit held that if the nuisance claim and injunction were granted and it was found that the railroads operations were substantially interfered with then the ICCTA would preempt the state action. *See id*. The difference between this case and the present case is that the nuisance claim in *Fayard* did not affect the rail transportation or any railroad crossings, but rather argued that the railroad company had breached promises regarding hours and volume of operation. The issue in the present case goes to the condition of the railroad crossing at the place of the accident and whether, among other things, it was adequate to warn Plaintiffs of the approaching train.

    The Court is inclined to follow the Fifth Circuit Court of Appeals ruling in the case of *In re Katrina*, which held that a state's negligence laws could not be used to regulate rail transportation and were therefore preempted by the ICCTA. *See In re Katrina*, 2009 WL 224072, at *6. In that decision, the circuit held the design and construction of the tracks located at the crossing related directly to rail activity, thus the claim that the defendant negligently designed and constructed the railroad crossing was preempted by the ICCTA. *See id*. The Court recognizes that preemption under the ICCTA is a factual issue that is determined on a case-by-case basis. *See id*. at *4; 49 U.S.C. § 10501(b)(2) (stating that preemption will only apply with respect to the regulation of rail transportation). Plaintiffs' complaint argues for several basis of fault against the Defendants; however, one major component of the complaint lists the deficiencies of the railroad crossing where the accident occurred.

    Among these deficiencies, Plaintiffs' argue that the crossing has impaired "sight

8

triangles" meaning that a driver of a vehicle could not adequately view an incoming train, react, and stop short of the crossing. The next deficiency is that the railroad should have worked with adjoining landowners and local authorities to remove any visual obstacles that could impair the driver's view of an approaching train. Plaintiffs maintain that the Defendant railroad company has intentionally misrepresented the extent of the problem and has refused to maintain unimpaired sight distances by failing to remove any visibility obstacles. Plaintiffs allege further that the grade crossing was hazardous for an extended period of time before the accident, and that because of the railroad company's failure to remedy such conditions it is condoning the existence of the hazardous conditions. Plaintiffs also state that the crossing should have been protected by a slow order for rail traffic traversing the crossing and that this was a contributing factor in the accident. Plaintiffs next argue that the conditions at the crossing created an "essentially local safety hazard," and this was a contributing factor in the accident. Plaintiffs' specific complaints as to unsafe crossing conditions are: lack of removal of visibility obstacles, materials in the crossing surface and the condition of those materials were incompatible, rough and unstable condition of the crossing surface was a contributing factor in the accident, horizontal alignment of the track and roadway was a contributory factor and the road should intersect at or near a 90 degree angle and should not be constructed on either roadway or railroad curves, the crossing should not be built up or lowered from the plane of the intersecting roadway, the crossing should be wide enough to accommodate two lanes of traffic, and the railroad company should have worked with local authorities to fix unsafe roadways that were near the crossing.

Based on Plaintiffs' complaint, their claims regarding the railroad crossing and nearby roadways are preempted by the ICCTA. The ICCTA contains an express preemption clause

9

when a state's laws conflict with rail transportation. *See* 49 U.S.C. § 10501(b)(2). Plaintiffs' complaint challenges the design and construction of the crossing, mainly whether it needed to be set at or near a 90 degree angle from the adjoining roadway, and whether the crossing should be built up or level with the roadway. Therefore, this case is similar to *In re Katrina*, when the Fifth Circuit held that plaintiffs' claims of negligence resulting from the design and construction of the railroad crossing related directly to the defendant's operation at the railroad crossing and were thus preempted by the ICCTA. *See In re Katrina*, 2009 WL 224072, at *6-7. Also, if Plaintiffs were to succeed on their state negligence claims with respect to the railroad crossing deficiencies, there would be a great burden on the railroad company to completely redesign and construct a new crossing that would disturb rail transportation until the crossing is remedied; therefore, the state cause of action would impose an unreasonable burden on the railroad. Since many of the Plaintiffs' claims of negligence relate to the design and construction of the railroad crossing where the accident took place, the Court holds that Plaintiffs' claims of negligence with respect to the design and construction of the railroad crossing are completely preempted by the ICCTA.[1]

### III. CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiffs' Motion for Remand should be and hereby is **DENIED**. An order of even date, consistent with this opinion, shall issue.

---

[1] Furthermore, since there exists complete preemption over the Plaintiffs' claims of negligence relating to the design and construction of the railroad crossing, the rest of Plaintiffs' claims are properly before the Court under the Court's power of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

IT IS SO ORDERED, this 9th day of March, 2010.

                                                  /s/ Harry F. Barnes  
                                                  Hon. Harry F. Barnes  
                                                  United States District Judge