IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


CODY RAWLS, *et al.*                                                                                PLAINTIFFS

vs.                                              Case No. 1:09-cv-01037

UNION PACIFIC RAILROAD, *et al.*                                                         DEFENDANTS

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendants' Motion to Dismiss Certain Allegations of Plaintiffs' Complaint. ECF No. 56. Defendants filed this Motion on July 21, 2010. *Id.* On January 7, 2011, Plaintiffs responded to this Motion. ECF No. 87. Defendants filed a Reply Brief on February 4, 2011. ECF No. 96. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), on September 22, 2010, the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. ECF No. 73. This Motion is now ready for consideration, and, in accordance with the following reasoning, this Court recommends this Motion be **DENIED.**

**1. Background**

This litigation arose from a train accident that occurred on May 23, 2008, in Columbia County, Arkansas. On that date, Plaintiffs Cody Rawls and Roy Dell Johnson were traveling north on Oak Street in McNeil, Arkansas. At the same time, a Union Pacific ("U.P.") train was traveling west on the railroad tracks towards the Oak Street crossing. While crossing the tracks at the Oak Street crossing, Plaintiff Rawls's 1988 Chevrolet pickup truck stalled and was struck by the oncoming train. Before the impact, Johnson was able to escape from the truck. However, Rawls was

unable to exit the vehicle before the impact. He was later found approximately 24 feet from the point of impact.

On May 27, 2009, Plaintiffs filed suit in the Circuit Court of Columbia County, Arkansas, against Union Pacific Railroad, Alfred Brown, the train's engineer, and Steve Holford, the train's conductor. ECF No. 2. In the Complaint, Plaintiffs allege claims against Defendants for negligence based upon inadequate audible warnings; inadequate visual warnings; failure to exercise reasonable care in its train operations; failure to operate train at a safe speed; failure to inspect and repair unsafe crossing conditions; specific unsafe crossing conditions; failure to report unsafe crossing conditions; failure to work with state and local authorities to maintain proper signs, signals, and markings; and, failure to properly train, instruct and manage its employees with respect to its operating practices and rules. Plaintiffs also allege a claim against Defendants for intentional disregard for public safety. ECF No. 2.

On August 14, 2009, Defendants removed the case from the Circuit Court of Columbia County to this Court pursuant to the Court's federal question jurisdiction under the Interstate Commerce Commission Termination Act. ECF No. 1.

**2. Applicable Law**

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be

true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted)

**3. Discussion**

On July 21, 2010 Defendants filed their Motion to Dismiss Certain Allegations of Plaintiffs' Complaint. ECF No. 56. With this Motion, Defendants seek to dismiss certain allegations contained within seventeen (17) separate paragraphs of Plaintiffs' Complaint. ECF No. 57. As stated above, Plaintiffs' Complaint alleges negligence on the part of Defendants based upon inadequate audible warnings; inadequate visual warnings; failure to exercise reasonable care in its train operations; failure to operate train at a safe speed; failure to inspect and repair unsafe crossing conditions; specific unsafe crossing conditions; failure to report unsafe crossing conditions; failure to work with state and local authorities to maintain proper signs, signals, and markings; and, failure to properly train, instruct and manage its employees with respect to its operating practices and rules. ECF No. 2.

    **A. Fed. R. Civ. P. 12(b)(6)**

To begin with, a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) cannot be filed after the filing of an answer. Defendants' Motion to Dismiss (ECF No. 56) was filed on July 21, 2010; slightly over 11 months following the removal of this case from Arkansas state court and the filing of their Answer. ECF Nos. 1 and 3. As such, Defendants' Motion could be denied as untimely.

However, even assuming the Court were to consider the Motion as timely filed, Defendants Motion to Dismiss would still fail. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id.* at 556.

The complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *See Braden v. Wal-Mart, Inc.*, 588 F. 3d 585, 594 (8th Cir. 2009). However, Defendants' Motion is doing just this. Defendants seek to dismiss seventeen (17) separate allegations that are contained within Plaintiff's Complaint which is twenty (20) pages in length with sixty-seven (67) separate paragraphs.

Plaintiffs have alleged claims of negligence against Defendants based on inadequate audible warnings; inadequate visual warnings; failure to exercise reasonable care in its train operations; failure to operate train at a safe speed; failure to inspect and repair unsafe crossing conditions; specific unsafe crossing conditions; failure to report unsafe crossing conditions; failure to work with state and local authorities to maintain proper signs, signals, and markings; and, failure to properly train, instruct and manage its employees with respect to its operating practices and rules. ECF No. 2. In each case, Plaintiff's have set forth facts alleging a duty owed by Defendants to Plaintiff's and that a breach of duty occurred which proximately caused Plaintiffs' damages. ECF. No. 2. A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

### B. Fed. R. Civ. P. 12(f)

Contained within Defendants' Motion To Dismiss is Defendants' request to strike certain allegations pursuant to Fed. R. Civ. P. 12(f). ECF No. 57, Pages 21-24. Defendants refer to these as Plaintiffs' allegations that U.P. has participated in a public campaign of deception through Operation Lifesaver, Inc. *Id.* Defendants seek to dismiss portions of six separate paragraphs contained in Plaintiffs' Complaint which Defendants claim are allegations of fraud and misrepresentation. *Id.*

Pursuant to Fed. R. Civ. P. 12(f) a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Defendants attempt to dismiss portions of Plaintiffs' Complaint pursuant to Rule 12(f) is untimely. Further, Plaintiff acknowledges they have made no claims of fraud or misrepresentation, but rather, the allegations Defendants seek to strike concern Plaintiffs' claims of negligence and punitive damages. By separate order the Court has recommended denial of Defendants' Motion for Summary Judgment regarding those two claims. The Court finds the portions of the Complaint Defendants seek to strike are neither redundant, immaterial, impertinent or scandalous and thus denies the Motion to Strike.

### 4. Conclusion

Based upon the foregoing, this Court recommends Defendants' Motion to Dismiss Certain Allegations of Plaintiffs' Complaint(ECF No.56) be **DENIED**.

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 22nd day of February, 2011.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE