IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
~~TEXARKANA~~ DIVISION
*El Dorado*

CODY RAWLS, et al.                                          PLAINTIFFS

V.                          CASE NO. 09-1037

UNION PACIFIC RAILROAD, et al.                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed February 22, 2011, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 103). Judge Bryant recommends that Defendants' Motion for Partial Summary Judgment (ECF No. 58) be granted in part and denied in part. Defendants have responded with timely objections. (ECF No. 110). Plaintiffs have also responded with timely objections. (ECF No. 111). After reviewing the record *de novo*, the Court adopts Magistrate Judge Bryant's Report and Recommendation as its own.

First, Defendants object to the portions of the magistrate judge's Report and Recommendation recommending the denial of Defendants' summary judgment motion as to Plaintiffs' lookout and braking claim. Defendants argue that they are entitled to summary judgment on Plaintiffs' lookout and braking claim, because the proof shows that the train could not have been stopped or sufficiently slowed to avoid the collision after Plaintiff Rawls' truck entered the crossing.

Under Arkansas law, a train crew has a duty to take precautions to avoid a collision at a crossing when it becomes apparent that a traveler will not stop before placing himself in peril. *Lovett v. Union Pacific R.R. Co.*, 201 F.3d 1074, 1083-84 (8th Cir. 2000) (citing *Northland Ins. Co.*

*v. Union Pacific R.R. Co.*, 309 Ark. 287, 291-292, 830 S.W.2d 850, 853 (1992)). Here, Defendants argue that the earliest point in time that the train crew could have a duty to engage the brakes was when Plaintiff Rawls drove past the crossbuck and stop sign at the crossing, which was eight seconds before impact. Defendants' expert testified that, had the train crew initiated braking at eight seconds, the train could not have slowed enough to avoid the collision. However, Plaintiffs dispute the fact that Rawls' truck proceeded past the crossbuck and stop sign at approximately eight seconds before impact. *See* ECF No. 89, *Plaintiffs' Statement of Material Facts in Controversy*, ¶ 5. Engineer Alfred Brown testified that he saw Plaintiff Rawls' truck stalled on the tracks and that he saw people getting out. Brown also testified that he first saw the truck approximately seventeen second before impact. At this time, there is a fact issue as to when Rawls' truck proceeded past the crossbuck and stop sign. Thus, the Court agrees with the magistrate judge's recommendation that Defendants' summary judgment motion should be denied as to Plaintiffs' negligence claim based on failure to keep a proper lookout and failure to apply emergency braking.

Second, Defendants object to the portions of the magistrate judge's Report and Recommendation recommending the denial of Defendants' summary judgment motion as to Plaintiffs' punitive damages claim. To support a claim of punitive damages, it must be shown that the negligent party knew or should have known that his or her act of negligence would result in injury, and that he or she continued a course of conduct with a conscious indifference to the consequences, from which malice may be inferred. *D'Arbonne Construction Co. v. Foster*, 354 Ark. 30, 208, 123 S.W.3d 894, 898 (2003). Keeping in mind that discovery in this case is still ongoing and that Plaintiffs have not yet been allowed to depose Defendants' corporate representatives, the

Court agrees with the magistrate judge that a genuine issue of material fact exists as to the punitive damages claim.

Plaintiffs object to the portion of the magistrate judge's report and recommendations recommending that Defendants' motion for summary judgment as to Plaintiffs' excessive rate of speed claim be granted. Defendants argue that, pursuant to 49 C.F.R. § 213.9(a), Plaintiffs' allegations of excessive train speed should be preempted because the train at issue was traveling below the maximum speed allowed under this subsection, which is 60 miles per hour for the particular crossing at issue.

Federal law generally preempts state law claims based on excessive speed in train accidents. However, there are exceptions to this general rule. One such exception covers state law claims alleging that a party has failed to comply with a state law, regulation, or order. 49 U.S.C. § 20106(b)(1)(C) Plaintiffs rely on this exception to support their argument that their state law excessive rate of speed claim is not preempted by federal law, because the railroad's timetable speed at the crossing at issue was 45 miles per hour and the train was traveling at 48 miles per hour when the emergency brakes were applied. The Court is not convinced that the subsection (b)(1)(C) exception applies here. A timetable created by a railroad is not a state law, regulation, or order. Plaintiffs have not alleged that the railroad has failed to comply with any state law, regulation, or order. Accordingly, the Court agrees with Judge Bryant's well-reasoned analysis and recommendation on this issue.

For reasons stated herein and above, as well as those contained in the Report and Recommendation (ECF No. 103), the Court overrules the parties' objections and finds that

Defendants' Partial Motion for Summary Judgment (ECF No. 58) should be and hereby is **GRANTED IN PART and DENIED IN PART.**

**IT IS SO ORDERED**, this 14th day of July, 2011.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge