IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CODY RAWLS, *et al.*,                                                                    PLAINTIFFS


V.                                  CASE NO. 1:09-CV-01037


UNION PACIFIC RAILROAD, *et al.*,                                             DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion for Attorney's Fees and Costs. (ECF No. 234). Defendants have responded. (ECF No. 235). The matter is ripe for the Court's consideration. For the following reasons, the motion will be denied.

Defendants removed this negligence case from Columbia County Circuit Court in August 2009. Defendants argued that the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501 *et seq.*, completely preempted some of Plaintiffs' claims, and thus allowed this Court to hear the case. Plaintiffs asked the Court to remand the case, and the Court denied that request in March 2010 because it found Defendants' complete-preemption argument compelling. (ECF No. 15). In July 2012, the Court found it necessary to revisit the issue, and concluded that it did not, in fact, have jurisdiction over the case. (ECF No. 233). Now Plaintiffs ask for an order awarding them attorneys' fees under 28 U.S.C. §1447(c) because, according to them, Defendants had no objectively reasonable basis for removal. The Court does not agree.

28 U.S.C. 1447(c) states that "[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Courts should not award fees

where removal was supported by an objectively reasonable basis. *Id.* The objectively-reasonable-basis standard balances the deterrence of abusive removals with the protection of the right to legitimate removal. *Micometl Corp. v. Tranzact Tech., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing *Martin*, 546 U.S. at 140).

Applying the objectively-reasonable-basis standard, the Court finds attorney's fees unwarranted. There was no controlling Supreme Court or Eighth Circuit law foreclosing Defendants' removal argument at the time of removal. *See Missouri ex rel. Carnahan v. Stifel, Nicolaus & Co.*, 648 F. Supp. 2d 1095, 1099 (E.D. Mo. 2009) (ordering attorney's fees where "Supreme Court rejected removing defendants' interpretation of the [statute]."). Rather, Defendants' argument was a first-impression issue for this Court. *See Asplund v. iPCS Wireless, Inc.*, 602 F. Supp. 2d 1005, 1012 (N.D. Iowa 2008) (denying attorney's fees where first-impression issues underlay removal argument). Nor does the Court find that Defendants' removal was motivated by delays or cost-driving.

Accordingly, Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 234) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 27th day of August, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge